**No. 44375.**—Petition 5991–R of K. Arouani (New York).

KINCHELOE, Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties accruing on three certain paintings from Cairo, Egypt, which were part of an importation of 12 paintings invoiced as of a total value of $773, and entered free of duty under paragraph 1811 as artistic antiquities. Nine of the paintings were returned by the appraiser as free of duty as claimed. As to the other three, which are the subject of this petition, the appraiser found them to be of production subsequent to 1830, and the collector accordingly assessed duty thereon under paragraph 1547 (a) at 20 percent ad valorem. Subsequently the importer or petitioner produced a private bill showing separate values for each of the paintings, totaling $1,265.

The appraiser accepted the private invoice values as to the three paintings in question, and additional duties accrued thereon under said section 489 of said tariff act.

The only witness who appeared in support of this petition was A. Arouani, a brother of the petitioner. He stated they are in business together—in fact part-- ners; that he purchased the paintings in Cairo in 1930 for 150 pesatos ($773 in U. S. currency); that being unable to sell them he shipped them to New York in 1936; and that when he bought them he was told they were over 100 years old. On cross-examination the witness stated that the painting by Beisie (one of the three paintings in question) was marked "French School of 19 Century," and that as to the other two paintings he was told they were painted by Ziem, who was born in 1821 and died in 1911. He admitted that he himself knew nothing about paint- ings, and that he made no inquiries as to their age or value. Further, that the entry was made by the broker, Thomas Cook, but that he had no knowledge of the particulars of the entry.

Right here we think it is pertinent to mention that neither the petitioner himself, nor his customs broker, testified or appeared at the hearing. This, taken in conjunction with the testimony of the witness A. Arouani, who stated that he knew nothing about paintings himself, and did not know anything about the entry of the merchandise, is certainly not much of a showing on behalf of the petitioner herein. Especially is this so from the fact that the importer did not produce his private invoice until called upon by the Government examiner, Frank A. McCarthy; also the fact that the importer entered the two Ziem paint- ings as over 100 years old, when it was known that the painter was born in 1821 and died in 1911, seems to show carelessness and lack of diligence on the part of petitioner in making such entry, as it is apparent that the painter could only have been 9 years old in 1830, which makes it highly improbable that the said paintings were produced prior to the year 1830.

On this record we have no alternative but to deny this petition, which we hereby accordingly do. Judgment will be rendered accordingly.